IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01550-PAB-KLM

KOPPELMAN VENTURES LLC,

    Plaintiff,

v.

EVERGREEN ENERGY, INC., formerly known as KFx Inc. and K-Fuel, Inc.,
KFX TECHNOLOGY, formerly known as K-Fuel, LLC,
THOMAS J. STONER, JR.,
DIANA KUBIK,
WILLIAM G. LAUGHLIN, and
ILYAS KHAN,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on defendants' Motion to Compel Arbitration and Stay Action [Docket No. 21]. The motion is fully briefed and ripe for disposition.

    Plaintiff asserts six claims for relief against defendants arising out of alleged violations of royalty agreements. In their motion, defendants contend that all of plaintiff's claims must be referred to arbitration because of a binding provision providing that disputes arising out of the royalty agreements "will be settled by binding arbitration" pursuant to American Arbitration Association ("AAA") rules. Docket No. 21-2 at 6, ¶ 12.[1]  Plaintiff essentially confesses defendants' motion and states in its response that

---

[1] The Federal Arbitration Act ("FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for

plaintiff "agrees to arbitration pursuant to the Rules of the AAA, and to the staying of this action pending arbitration." Docket No. 28 at 3. However, plaintiff "objects to arbitration before the AAA or its designated arbiters on the basis of conflict, bias, and resulting prejudice to [plaintiff]" because lead counsel for defendants has served as a AAA arbitrator, has appeared on AAA seminar panels, and has served on AAA committees. *See* Docket No. 28 at 3-4. Plaintiff also raises this objection in support of its Motion for Order Requiring Full Disclosure of the Relationship of Defendants' Lead Counsel with the American Arbitration Association [Docket No. 27].

"Generally, a party cannot avoid the arbitration process simply by alleging that the arbitration panel will be biased." *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 385 (6th Cir. 2005). A party may, however, object to arbitration based on the fundamental unfairness of the process for choosing an arbitrator. *See id.* Here, plaintiff does not identify anything about the arbitrator selection procedures that are "fundamentally unfair." *Id.* Nor does plaintiff explain how defense counsel's activities render any and all AAA arbitrators inevitably biased. *Cf.* Commercial Arbitration Rules

---

the revocation of any contract." 9 U.S.C. § 2. This statutory scheme "manifests a liberal federal policy favoring arbitration." *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)). Furthermore, section 3 of the FAA provides that:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

and Mediation Procedures, R-11(a) [Docket No. 34-1 at 6], 2010 WL 2482250, at *9 (providing that the AAA will provide parties a list of ten potential arbitrators for consideration). Moreover, the AAA Rules afford plaintiff a procedure by which, in appropriate circumstances, it may seek disqualification of the arbitrator. *See id.*, R-17 [Docket No. 34-1 at 9], 2010 WL 2482250, at *11 (permitting a party to object "to the continued service of an arbitrator" due to "(i) partiality or lack of independence, (ii) inability or refusal to perform his or her duties with diligence and in good faith, and (iii) any grounds for disqualification provided by applicable law"). The Court, however, will not delve into such procedural matters. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("'[P]rocedural' questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide.") (emphasis in original). Upon completion of the arbitration, if plaintiff has grounds to believe the arbitrator was partial, it may seek to have the resulting arbitral award vacated. *See* 9 U.S.C. § 10(a)(2) (permitting a court to "vacat[e] the award upon the application of any party to the arbitration . . . where there was evident partiality or corruption in the arbitrators").

At this stage, where there is no "'risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate,' because the parties do not dispute that their arbitration clause is binding," *Dockser v. Schwartzberg*, 433 F.3d 421, 426 (4th Cir. 2006) (quoting *Howsam*, 537 U.S. at 83-84), the Court will compel arbitration pursuant to the AAA Rules and maintain the stay in this action.[2] Therefore, it is

---

[2]On October 18, 2011, the magistrate judge stayed all disclosure and discovery in this case pending resolution of defendants' motion to compel. *See* Docket No. 32.

**ORDERED** that defendants' Motion to Compel Arbitration and Stay Action [Docket No. 21] is GRANTED. It is further

**ORDERED** that plaintiff's Motion for Order Requiring Full Disclosure of the Relationship of Defendants' Lead Counsel with the American Arbitration Association [Docket No. 27] is DENIED. It is further

**ORDERED** that the parties shall proceed with arbitration in accordance with their arbitration agreement. It is further

**ORDERED** that this case shall remain stayed and shall be administratively closed pursuant to D.C.COLO.LCivR 41.2. If no action is taken to reopen this case before December 1, 2012, the case will be dismissed without prejudice without any further notice to either party.

DATED November 3, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge